UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory C. Krug, #15503-075, | ) C/A No. 4:11-3297-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Charles E. Stonerock, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The Plaintiff, Gregory C. Krug, is a prisoner in the custody of the Federal Bureau of Prisons in Federal Correctional Institution Williamsburg ("FCI Williamsburg") in Salters, South Carolina. Plaintiff, proceeding *pro se*, brings this civil action against Defendant, Dr. Charles E. Stonerock ("Defendant"). Plaintiff styles his filing as a "Request for Declaratory Relief." *See* ECF No. 1, p. 1. The pleading has been liberally construed and docketed as a Complaint, pursuant to Rule 3 of the Federal Rules of Civil Procedure. Plaintiff brings this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the Court concludes that it should be summarily dismissed, without prejudice and without issuance and service of process.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke*

1

*v. Williams*, 490 U.S. 319 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of a *pro se* filing).

The Complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i),(ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. at 327.

This Court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). But a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely

presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal.

## DISCUSSION

Plaintiff alleges that Defendant "claims to be a vascular surgeon, whose practice is located at 805 Pamplico Highway, Medical Mall B, Suite 300, Florence, South Carolina." ECF No. 1, p. 1. Plaintiff claims he was examined by an assistant of Defendant on September 8, 2011. Plaintiff alleges that the assistant performed a medical test on Plaintiff's venous system and, based on the results of the test, Defendant recommended that Plaintiff "undergo an out-patient procedure with respect to one of the veins on the back of [Plaintiff's] left leg." Plaintiff alleges that, "having been a victim of a previous unnecessary surgery," Plaintiff requested, on September 13, 2011, that Defendant provide Plaintiff with a copy of all of the medical records which [Defendant] created with respect to [Plaintiff]," so that Plaintiff can obtain a second opinion as to Defendant's September 8, 2011 recommendation. Plaintiff alleges that Defendant has not replied to the request and Plaintiff "has suffered a substantial amount of pain as a result of Stonerock's decision not to comply with [Plaintiff's] 9/13/11 request, and [Plaintiff] will continue to do so until this Court compels Stonerock to comply therewith." *See* ECF No. 1, p. 1-2.

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred

by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3](3d ed. 1997)).  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Id.*

The allegations in Plaintiff's Complaint fail to allege any facts to show that this case falls within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident from the face of the pleading.  Plaintiff fails to state a plausible

claim on which relief may be granted by this Court because no viable federal question jurisdiction is alleged, and there is no apparent jurisdiction of this civil action based on the diversity of citizenship between Plaintiff and Defendant and the amount in controversy.[1]

Liberally construed, Plaintiff's Complaint attempts to assert a claim that Defendant has breached a duty by allegedly failing to comply with Plaintiff's request to send Plaintiff a complete copy of Plaintiff's medical records from Defendant's examination and/or diagnostic testing of Plaintiff on September 8, 2011. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104-191, 110 Stat. 1936, governs a patient's right to see, get a copy of, and amend (correct) his or her own medical records. South Carolina health care providers must follow the HIPAA Privacy Rule as well as the South Carolina Physicians' Patient Records Act

---

[1]There are no allegations by Plaintiff of diversity jurisdiction and no clear basis for a finding that this Court has diversity jurisdiction in this case. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen*, 437 U.S. at 373-74. According to the information provided by Plaintiff when he filed his Complaint, Plaintiff and Defendant are both domiciled in South Carolina. *See* ECF No. 1, p. 1, 3. There is a rebuttable presumption that a prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he subsequently is incarcerated in a different state. *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010); accord *Goad v. Gray*, 3:10cv326, 2010 U.S. Dist. LEXIS 120648, 2010 WL 4735816, at *3 (E.D. Va. Nov. 15, 2010). However, Plaintiff's Complaint provides no information to the Court as to Plaintiff's domicile prior to his incarceration in FCI Williamsburg. Additionally, Plaintiff characterizes this "matter in controversy" as a request for declaratory relief and makes no allegation of an amount in controversy, nor even a claim for a sum in any prayer for relief. Therefore, it is facially apparent, to a legal certainty, that Plaintiff cannot recover an amount that "exceeds the sum or value of $75,000, exclusive of interest and costs" in this case. *See* 28 U.S.C. § 1332(a); *JTH Tax, Inc. v. Frashier*, 624 F.3d 635 (4th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.")).

("SCPPRA"), S.C. Code § 44-115-10 *et seq.*[2]  The HHS Enforcement Rule sets civil money penalties for violating HIPAA rules and establishes procedures for investigations and hearings for HIPAA violations.  The remedy afforded to aggrieved individuals is to lodge a written complaint with the Secretary of HHS, through the Office for Civil Rights, who has the discretion to investigate the complaint and impose sanctions, both civil and criminal.  *See* 42 U.S.C. § 1320d-5.  State attorneys general may also sue on behalf of residents of their states aggrieved by alleged HIPAA violations. *Id.*  An individual cannot maintain a private suit in his or her own name for a violation of HIPAA.  *See Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006); *Carpenter v. Phillips*, 419 Fed. Appx. 658 (7th Cir. May 4, 2011); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010), cert. denied, 131 S. Ct. 1534 (2011); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010).  Thus, while federal law, *i.e.* HIPAA, regulates Plaintiff's access to his medical records in Defendant's possession, Defendant's alleged violation of HIPAA does not confer federal question jurisdiction over this Complaint because Plaintiff has no private right to sue Defendant for his alleged HIPAA violation.

To the extent that Plaintiff 's Complaint can be liberally construed as an intended, though unexpressed, attempt to state a claim pursuant to 42 U.S.C. § 1983[3] or *Bivens v. Six Unknown*

---

[2] Under provisions of these federal and state laws, in South Carolina, the physician is the owner of medical records in the physician's possession that were made in treating a patient and of records transferred to the physician concerning prior treatment of the patient.  However, a health care provider must respond to a patient's written request for the patient's medical records within 30 days of receipt of the request.  Unless a request falls within an exception to HIPAA's and SCPPRA's disclosure provisions, the health care provider must release the requested records upon the patient's payment of the health care provider's fee for the search and duplication of the records, which is set by statute.  *See* S.C. Code § 44-115-80.

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[4], such a claim fails because Defendant is not a state actor or a federal official. Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983 or *Bivens*. Federal actions for damages against state actors pursuant to § 1983 do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961); *see also Daniels v. Williams*, 474 U.S. 327, 333-34 (1986); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987).

To the extent that Plaintiff's Complaint can be liberally construed as an attempt to assert a state law claim for negligence, or professional malpractice, or alleged breach of a duty owed to

---

color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

[4] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim brought against a federal official for violation of a plaintiff's constitutional rights is analogous to a claim brought under 42 U.S.C. § 1983 against a state official in his or her personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act "under color of state law." *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988) (abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995); *Winfield v. Bass*, 106 F.3d 525, 529 (4th Cir. 1997)). *Bivens* claims, like § 1983 claims, address violations of constitutional rights by "persons." Under *Bivens*, "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009).

Plaintiff by Defendant under the SCPPRA, or a cause of action arising under some other statutory law or common law of South Carolina, such a state law claim could be cognizable in this Court under the diversity statute if that statute's requirements were satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F.Supp. 784, 788-791 (D.S.C. 1992). However, as discussed in footnote 1 above, Plaintiff's Complaint fails to establish such jurisdiction in this case.

     Even if Plaintiff's Complaint alleged a plausible federal or state law claim - which it does not - the Complaint is still subject to summary dismissal based on a separate fatal flaw. Rule 57 of the Federal Rules of Civil Procedure governs "the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Under the Declaratory Judgment Act, a district court, in its discretionary authority, "may declare" the rights of interested parties. 28 U.S.C. § 2201(a); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). Thus, "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). Plaintiff's "request for declaratory relief" is not a request for declaratory relief in the true legal sense (*see* Fed. R. Civ. P. 57; 28 U.S.C. § 2201) and Plaintiff's Complaint is not an appropriate pleading which states the type of "case of actual controversy" required to invoke the jurisdiction of this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002)); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to

8

another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed.Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "clearly intended to convey a request different from a formal declaration under the Declaratory Judgment Act")). Plaintiff's Complaint, insofar as it seeks a "declaration" that Defendant must comply with Plaintiff's request to provide Plaintiff with a copy of Plaintiff's medical records, does not state a plausible claim for declaratory relief and does not confer federal jurisdiction over any claim that does not otherwise fall within the subject matter jurisdiction of this federal court. *See Mason & Dixon Lines, Inc. v. Eagerton*, 555 F. Supp. 434, 436 (M.D. Ala. 1982); *Beltran v. Brownell*, 121 F. Supp. 835, 836 (S.D. Cal. 1954).

Plaintiff's demand that this Court "compel Stonerock to comply" with Plaintiff's request for a copy of Plaintiff's medical records may be liberally construed as more in the nature of a request for a writ of mandamus[5] than a declaratory judgment. A writ of mandamus is a drastic remedy which is used by courts only in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). The authority of a federal court to issue a writ under 28 U.S.C. § 1651 exists for the sole purpose of protecting the jurisdiction of the federal courts. The courts of the United States have no power to acquire jurisdiction of a case or question by issuing a writ of mandamus. *Craigo v. Hey*, 624 F. Supp. 414, 416 (S.D. W. Va. 1985) (citing *McClellan v. Carland*, 217 U.S. 268 (1910)). Federal courts have no power to issue a writ of mandamus in an original action that is brought for the purpose of securing relief by the writ, even if the relief sought concerns an alleged right secured by the Constitution of the United States. *Id.* (citing *Covington & C. Bridge*

---

[5] *See Black's Law Dictionary* (8th ed. 2004) (mandamus: "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.")

9

*Co. v. Hager*, 203 U.S. 109, 111 (1906)). It is well settled that the writ's use under 28 U.S.C. § 1361 is also limited to cases where a federal court is acting in aid of its own jurisdiction. *See Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969).[6] The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). In *Davis*, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" *Davis*, 851 F.2d at 74. In *Craigo v. Hey*, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *Craigo*, 624 F. Supp. at 414. Pursuant to § 1361, a federal district court has original jurisdiction to issue a writ of mandamus only against "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner). *See also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir.1986) (unpublished opinion) (same). In the instant case, Defendant is not a federal

---

[6] In *Gurley*, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley*, 411 F.2d at 587.

officer or employee. Thus, this Court is without jurisdiction to entertain a complaint such as Plaintiff's because it cannot order the mandamus-type relief requested by Plaintiff in this case.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

December 19, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).