IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gregory C. Krug, | ) | C/A NO. 4:11-3297-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Charles E. Stonerock, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court on December 2, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On December 19, 2011, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on January 4, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff attempts to establish diversity jurisdiction in this matter by providing information relating to his state of citizenship prior to his incarceration. Additionally, Plaintiff offers argument seeking to establish that the amount in controversy exceeds $ 75,000. Assuming, for purposes of this matter, that Plaintiff is a citizen of California, diversity of citizenship exists in this matter, as "[a] prisoner is a citizen of 'the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state.'" *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (quoting *Singletary v. Cont'l Illinois Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1238 (7th Cir.1993)). However, Plaintiff's argument relating to the amount in controversy falls short of establishing this court's jurisdiction. The complaint itself only seeks to compel the production of medical records. *See* Compl. (ECF No. 1, filed Dec. 2, 2011). Plaintiff contends that speculative events which may or may not occur absent the records' production (potential amputation of his lower left leg and "the extent to which those damages are properly attributable to the employees of [certain federal Bureau of Prisons facilities or other detention centers], versus South Carolina Cardiovascular Surgery . . . .") establishes the requisite monetary threshold to give this court jurisdiction. However, events which may or may not occur after the filing of the complaint do not operate to establish a court's jurisdiction at the time the complaint is

filed. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (finding that "the court's jurisdiction is measured [ ] at the time the action is commenced . . . ."). As noted by the Eighth Circuit, "[s]ubsequent events may . . . be relevant to prove the existence or nonexistence of diversity jurisdiction at the time of filing," *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, Inc.*, 620 F.3d 926, 931 (8th Cir.2010), but "distinction must be made . . . between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." *Schubert*, 649 F.3d at 823 (quotations and citation omitted). As correctly found by the Magistrate Judge, based on Plaintiff's complaint, it is "facially apparent, to a legal certainty, that Plaintiff cannot recover an amount that 'exceeds the sum or value of $75,000, exclusive of interest and costs' in this case." Report and Recommendation at 5 n.1 (ECF No. 7 (filed Dec. 19, 2011) (quoting 28 U.S.C. § 1332(a)).

Therefore, this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 10, 2012